**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| STEVEN NELSON ELLER<br><br>Plaintiff,<br><br>v.<br><br>DEFENDANT "1" a/k/a "Laura Mayer", et al.<br><br>Defendants. | Civil Action No.: 1:24-cv-02281 |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE EXPEDITED THIRD-PARTY SUBPOENAS AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW, Plaintiff Steven Nelson Eller, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, and hereby respectfully submits Plaintiff's Motion for Leave to Serve Expedited Third-Party Subpoenas and Memorandum in Support Thereof. Given that Defendants have failed to appear or otherwise respond to Plaintiff's complaint and used aliases in communicating with Plaintiff, Plaintiff moves this Court for an Order granting leave to serve expedited third-party discovery, notwithstanding the provisions of Fed. R. Civ. Pro. 26(f), on the cryptocurrency exchanges that currently hold Plaintiff's stolen cryptocurrency so that Plaintiff may ascertain he true identities of Defendants. In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

This case involves the theft of cryptocurrency assets by foreign Defendants who whose true identities remain unknown. Plaintiff's stolen cryptocurrency is currently held in Defendants' wallets on cryptocurrency exchanges, including Binance, Remitano, Btse.com, and HTX. (Doc.

No. 1 at 3-4). As set forth fully below, these exchanges possess the information necessary for Plaintiff to identify Defendants. Absent this discovery, Plaintiff will be unable to identify the Defendants which will make executing any future judgment in foreign jurisdictions impossible. Given that Defendants have failed to appear or otherwise respond to Plaintiff's complaint, the parties are unable to engage in the Fed. R. Civ. Pro. 26(f) conferral process. Plaintiff therefore respectfully requests leave to file third-party subpoenas on these cryptocurrency exchanges to obtain Defendants' true identities.

Defendants opened cryptocurrency exchange accounts to launder Plaintiff's stolen assets. To do this, Defendants provided identifying information, including copies of their passports or driver's licenses, to the exchanges. Plaintiff requests permission to conduct third-party discovery to identify the owners of cryptocurrency wallets involved in the wrongful appropriation of Plaintiff's digital assets. This discovery is crucial, as it represents the sole means of ascertaining the identities of the wallet owners, enabling Plaintiff to name them as defendants in a future amended complaint. The cryptocurrency exchanges holding these wallets possess the requisite information to link the wallet addresses to specific individuals or entities, information that is otherwise inaccessible to Plaintiff due to the pseudonymous nature of blockchain transactions.

Furthermore, the necessity for third-party discovery extends beyond the immediate litigation to potential post-judgment enforcement actions. In the event Plaintiff secures a judgment against the defendants in the United States, execution of that judgment may require proceedings in foreign jurisdictions, including but not limited to the Seychelles, British Virgin Islands, and Malta, which require that defendants be explicitly named in the case caption of the United States judgment as a prerequisite for recognition and enforcement. Without the ability to identify and name these defendants through third-party discovery, Plaintiff's capacity to pursue justice across

international borders would be severely impeded, potentially rendering any judgment obtained in the United States ineffectual in recovering the misappropriated assets.

To address these critical needs while minimizing any undue burden on the third-party cryptocurrency exchanges, Plaintiff proposes to limit the scope of discovery requests to information necessary to glean two essential elements: (1) the identity and location of the wallet owners who received Plaintiff's stolen cryptocurrency, and (2) the current balance contained within the subject wallets. This targeted approach serves the dual purpose of enabling Plaintiff to properly name defendants in the amended complaint and to make an informed decision regarding the economic feasibility of pursuing judgment domestication in foreign jurisdictions.

An order allowing Plaintiff to serve narrowly-tailored third-party subpoenas upon the subject exchanges gives Plaintiff the only opportunity to seek justice and is warranted because, based on the entirety of the record and the reasonableness of the request in light of the surrounding circumstances, Plaintiff has shown good cause to support an order. Plaintiff therefore seeks leave of this Court to serve Rule 45 subpoenas to cryptocurrency exchanges Binance, Remitano, Btse.com, and HTX.

## II. BACKGROUND

As set forth in Plaintiff's Complaint (Doc. No. 1), Defendants stole approximately 132.38456 Ethereum (ETH), 2.83406 Bitcoin (BTC), and 198,704.02691 Tether (USDT) from Plaintiff that, at the time of the filing of Plaintiff's complaint, had an approximate value of eight hundred thirty-one thousand five hundred dollars and seventy-six cents ($831,500.76). (*Id.* at ¶¶ 1, 36.). As of the date of this filing, Plaintiff's cryptocurrency is currently valued at nine hundred twenty thousand seven hundred twenty-nine dollars and one cent ($920,729.01).[1]

[1] Current market value calculated using data from etherscan.io and blockchain.com on January 16, 2025.

Defendants are foreign individuals, business entities, and/or unincorporated associations and companies operating a sophisticated global internet cryptocurrency fraud and conversion scheme. Defendants used LinkedIn and Telegram to communicate with and defraud Plaintiff. (*Id.* at ¶ 21.) Defendants used electronic means of communication and used the blockchain to convert cryptocurrency from victims in the United States, including Plaintiff. Plaintiff has retained forensic cryptocurrency tracing experts who have traced Plaintiffs stolen assets on the blockchain. (*Id.* at ¶ 37.) Plaintiff tracked the stolen cryptocurrency to the identified electronic wallets at four (4) exchanges: Binance, Remitano, Btse.com, and HTX. *See* Exhibit A to Complaint (Doc. No. 08 at 12, 16-17.)

Defendants provided Plaintiff with fraudulent information about their true identities. Plaintiff has attempted through informal requests to obtain information regarding the identities and physical addresses of Defendants from the exchanges where Defendants' cryptocurrency wallets are located to no avail. Plaintiff now seeks leave of the Court to serve limited, immediate discovery on the third-party exchanges to determine the true identities of the Defendants, including Know Your Customer (KYC) information to help identify the Defendants and their locations, as well as account balances so Plaintiff can make an informed decision concerning the feasibility of domesticating any future judgment in foreign jurisdictions.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d) generally prohibits a party from seeking discovery before the Rule 26(f) conference. However, courts may authorize early discovery upon a showing of good cause. *See Kegege v. Namesilo LLC*, No. CV TDC-20-1066, 2024 WL 1299998, at *1 (D. Md. Mar. 27, 2024) (incorporating by reference a prior subpoena order finding that "limited pre-service discovery is warranted," and Plaintiff "had shown good cause to permit such discovery.").

In factually similar cases involving sophisticated cryptocurrency theft schemes perpetrated by anonymous Defendants who have fail to appear, federal courts across the country have granted ex parte motions for expedited third party discovery on cryptocurrency exchanges to ascertain the true identities of the Defendants. *See, e.g.*, *Austria v. Defendant 1, et al*., No. 5:24-cv-01829, Order Authorizing Expedited Discovery and Granting Leave to Serve Third-Party Subpoenas, Doc. No. 17 (C.D. Cal. Dec. 4, 2024); *Faulkner v. Defendant 1, et al*., No. 2:24-cv-06769, (In Court) Minute Order RE: Ex Parte Application to Expedite Discovery, Dkt. 27, Doc. No. 30 (C.D. Cal. Sept. 18, 2024); *Gutierrez v. Defendant 1, et al*., No. 5:24-cv-01923, Order Authorizing Expedited Discovery and Granting Leave to Serve Third-Party Subpoenas, Doc. No. 15 (C.D. Cal. Oct. 31, 2024); *Rambod v. Defendant 1, et al.*, No. 2:24-cv-07215, (In Chambers) Order Re: Ex Parte Application for Early Discovery and Leave to Serve Third-Party Subpoenas (ECF 19), Doc. No. 20 (C.D. Cal. Nov. 5, 2024); *Sadegi v. Defendant 1, et al*., No. 2:24-cv-06628, Order Granting Plaintiff's Motion for Expedited Discovery [ECF 21], Doc. No. 23 (C.D. Cal. Oct. 22, 2024); *Tan v. Defendant 1, et al*., No. 2:24-cv-07016, Order Granting Plaintiff's Motion for Expedited Discovery [ECF 15], Doc. No. 23 (C.D. Cal. Oct. 28, 2024); *Pilger v. Uknown Paty, et al*., No. 2:24-cv-02427, Order, Doc. No. 15 (D. Ariz. Oct. 23, 2024); *Thornton v. Defendant 1, et al*., No. 1:24-cv-01892, Courtroom Minutes, Doc. No. 20 (D. Col. Sept. 10, 2024); *Chow v. Defendant 1, et al.*, No. 2:24-cv-00480, Order and Reasons, Doc. No. 38 (E.D. La. Nov. 4, 2024); *Yogaratnam v. Doe, et al*., No. 2:24-cv-00393, Order and Reasons, Doc. No. 27 (E.D. La. Nov. 20, 2024); *Song v. Defendant 1, et al*., No. 6:24-cv-00809, Order, Doc. No. 37 (M.D. Fla. Sept. 12, 2024); *Phillips v. Defendant 1, et al*., No. 1:24-cv-07511, Order Granting Ex-Parte Motion for Non-Party Discovery and Leave to Serve Third-Party Subpoenas, Doc. No. 25 (E.D. Ill. Dec. 10, 2024);

*Fitzgerald v. Defendant 1, et al*. No. 1:24-cv-21925, Paperless Order, Doc. No. 32 (S.D. Fla. July 18, 2024).

Outside of the cryptocurrency context, this Court has granted similar requests for third party discovery to ascertain defendants' true identifies. *See, e.g*., *Kegege v. Namesilo LLC*, 2024 WL 1299998, at *1 (permitting expedited third-party discovery where Plaintiff was unable to serve Defendants because he lacked sufficient information to identify and locate their places of business and the individuals who may accept service); *Malibu Media, LLC v. Doe*, No. 8:13-cv-00365-PWG (Doc. No. 31) (D. Md. Aug. 1, 2013) (granting motion for leave to serve third-party subpoena on internet service providers prior to a Rule 26(f) conference to identify doe Defendants via IP addresses). Federal district courts across the United States have granted similar requests. *See, e.g*., *Malibu Media, LLC v. Doe*, 109 F. Supp. 3d 165 (D.D.C. 2015) (finding good cause for expedited third party discovery to learn the true identity of putative defendants and establish a basis for the court's jurisdiction); *Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132 (W.D. N.Y. 2015) (finding good cause for expedited third-party discovery on internet service providers to identify defendants via IP address and effectuate service); *Bicycle Peddler, LLC v. Does 1-12*, 295 F.R.D. 274 (N.D. Ill. 2013) (allowing expedited third-party discovery of internet service providers to identify individuals who downloaded or shared copyrighted material); *Patrick Collins, Inc. v. Does 1-79*, 286 F.R.D. 160 (D. Mass. 2012) (finding good cause for expedited discovery to identify defendants, name them in complaint, and effectuate service).

Federal circuit courts throughout the United states have also upheld such requests. *See, e.g*., *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) ("[C]ourts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's . . . until the plaintiff has had some opportunity for discovery to learn the identities."); *Penalbert-Rosa v. Fortuno-Burset*, 631

F.3d 592 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can sometimes proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant."); *accord Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *Blakeslee v. Clinton County*, 336 Fed.Appx. 248, 250 (3d Cir. 2009); *Young v. Transp. Deputy Sheriff I*, 340 Fed.Appx. 368 (9th Cir. 2009); *Green v. Doe, 260 Fed.Appx*. 717, 719 (5th Cir. 2007); *Krueger v. Doe*, 162 F.3d 1173 (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980).

## IV. ARGUMENT

### a. Good Cause Exists for Expedited Discovery

Good cause exists for expedited discovery in this case. As an initial matter, Defendants have failed to appear in this action or otherwise respond to Plaintiff's complaint. Plaintiff therefore remains unable to ascertain Defendants' true identities, and the information sought via third party discovery is necessary and crucial to identify the Doe Defendants, allowing this case to proceed and allowing plaintiff to satisfy the requirements for domesticating judgments in foreign jurisdictions. Execution of any judgment in this case will require proceedings in foreign jurisdictions that mandate that defendants be explicitly named in the case caption of the final judgment as a prerequisite for recognition and enforcement.

The cryptocurrency exchanges holding the wallets where Plaintiff's stolen cryptocurrency is located possess the requisite information to link the wallet addresses to specific individuals or entities, information that is otherwise inaccessible to Plaintiff. Without the ability to identify and name these defendants through third-party discovery, Plaintiff's capacity to pursue justice across international borders would be severely impeded, rendering any U.S. judgment ineffectual in

recovering the misappropriated assets. Given that there is no other way for Plaintiff to obtain Defendants' identities, good cause exists. *See Columbia Ins. Co. v. Seescandy et al*., 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008); *Warner Bros. Records, Inc. v. Doe,* No. 5:08-CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C. Dec 4, 2008).

Finally, the cryptocurrency exchanges, as third parties, will not be unduly burdened by the requested subpoenas, as it requests information in their possession that is required for customers to set up accounts with them. Moreover, the timing of this request is reasonable given the circumstances of Defendants failing to appear and the parties' inability to confer pursuant to Fed. R. Civ. Pro. 26(f).

**b. The Requested Discovery is Narrowly Tailored**

Plaintiff seeks to serve subpoenas on cryptocurrency exchanges where the perpetrators of the scam transferred Plaintiff's stolen cryptocurrency. Plaintiff's discovery requests will be narrowly tailored as follows: for the following information related to the wallet addresses associated with the alleged theft:

i. Account holder's name, address, phone number, and email address;

ii. Know Your Customer (KYC) information, including wallet owners names, addresses phone numbers and email addresses; and

iii. Account balances to allow Plaintiff to make an informed decision concerning the feasibility of domesticating any future judgment in foreign jurisdictions.

The requested discovery is limited to information necessary to identify the Doe Defendants and to determine the feasibility of domesticating any future U.S. judgment abroad. This information is necessary to identify the Defendants and is proportional to the needs of the case.

**c. The Requested Information is Necessary for Plaintiff to Advance the Asserted Claims.**

Without learning Defendant's true identity, Plaintiff is unable to identify the true identities of Defendants in this case. In the event Plaintiff secures a judgment against the defendants in the United States, execution of said judgment may require proceedings in foreign jurisdictions, including but not limited to the Seychelles, British Virgin Islands, and Malta, which require that defendants be explicitly named in the case caption of the United States judgment as a prerequisite for recognition and enforcement. Without the ability to identify and name these defendants through third-party discovery, Plaintiff's capacity to pursue justice across international borders would be severely impeded, potentially rendering any judgment obtained in the United States ineffectual in recovering the misappropriated assets.

**d. Plaintiff's Interest in Obtaining Defendants' True Identities Outweighs Defendants' Interests in Remaining Anonymous.**

Plaintiff has a legitimate interest in recovering his stolen cryptocurrency. Defendants defrauded Plaintiff out of his life savings, amounting to nine hundred twenty thousand seven hundred twenty-nine dollars and one cent ($920,729.01). Absent the requested relief, Plaintiff faces the grave risk of never having access to those assets again. Defendants, on the other hand, are sophisticated cryptocurrency cybercriminals who operate a global scheme to defraud unwitting Americans like Plaintiff by operating under false aliases and gaining the trust of their victims. Defendants' interest in remaining anonymous is serves no legitimate purpose and, instead, serves only to perpetuate this fraudulent scheme. As such, the balance of interests weighs in favor of Plaintiff.

**e. Plaintiff has Met the Standard for Ex Parte Relief.**

As set forth above, many courts have authorized ex parte expedited discovery from cryptocurrency exchanges in cryptocurrency-related fraud cases like this one. *See* supra at 5; *see also Strivelli v. Doe*, No. 22-cv-22060 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022) (authorizing expedited discovery from cryptocurrency exchanges in crypto case and noting "the Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants"). Other courts have also granted ex parte discovery when there was no other way for the case to move forward. See, e.g., *Goodwin v District of Columbia*, 2021 WL 1978795 at 4 (D.C. Cir. 2021) (finding that "good cause existed to permit early discovery because Plaintiff would be unable to identify Defendant's and his 'joint tortfeasors'' identities without the benefit of formal discovery mechanisms"); *Disc. Video Ctr., Inc. v. Doe*, 285 F.R.D. 161, 163 (D. Mass. 2012) (finding "good cause for expedited discovery because the Plaintiff has no other means of determining the identity of its defendants").

Defendants have failed to answer or otherwise respond to Plaintiff's complaint. As such, it is highly unlikely that the Defendant will ever appear to be heard in opposition. Notice to Defendants may also result in severe prejudice to Plaintiff and result in further disposition of Plaintiff's cryptocurrency on the blockchain. Plaintiff will undoubtedly face irreparable injury or prejudice absent the requested discovery in the form of inability to ever enforce or domesticate any future final judgment and recover the funds that Defendants have stolen from him. Plaintiff's stolen cryptocurrency is held in various wallets across cryptocurrency exchanges. As set forth above, these exchanges possess critical information—namely the true identities of the Defendants—that is otherwise inaccessible to Plaintiff. Without this information, Plaintiff is unable to name the Defendants in his amended complaint or pursue meaningful litigation against

them. As a result, the Plaintiff's ability to seek justice and recover his stolen assets would be severely impeded, particularly in the context of international enforcement of a United States Judgment. Plaintiff has established a compelling need for the requested discovery to avoid substantial prejudice, judicial inefficiencies and prevent irreparable harm.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an Order:

1. Authorizing Plaintiff to serve third-party subpoenas on the cryptocurrency exchanges to obtain the information described above;
2. Directing the cryptocurrency exchanges to respond to the subpoenas within 14 days of service; and
3. Granting such other relief as the Court deems just and proper.

## RULE 104.7 – CONFERENCE OF COUNSEL CERTIFICATION

Defendants have concealed their identities and locations as set forth above. Accordingly, Plaintiff has been unsuccessful in locating Defendants despite diligent efforts, and, therefore, Plaintiff is unable to confer with opposing counsel. However, Plaintiff will publish this motion and any order on Plaintiff's Service Website.

Dated: January 17, 2025.

Respectfully submitted,

By: */s/ D. Nicole Guntner, Esq.*
D. Nicole Guntner, Esq. (*pro hac vice*)
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Fax: 850-916-7449
nguntner@awkolaw.com

-and-

Jason S. Rathod. Esq.
Nicholas A. Migliaccio, Esq.
MIGLIACCIO AND RATHOD, LLP
412 H Street NE, Ste. 302
Washington. DC 20002
Telephone: 202-470-3520
Facsimile: 202-800-2730
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Counsel for Plaintiff, Steven Nelson Eller*

**CERTIFICATE OF SERVICE**

I, D. Nicole Guntner, hereby certify that the foregoing document, filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 17, 2025. Moreover, Plaintiff will publish this motion and any order on Plaintiff's Service Website at https://usdccourtservice.com/cv-02281/.

Dated: January 17, 2025.

*/s/ D. Nicole Guntner, Esq.*
D. Nicole Guntner, Esq. (*pro hac vice*)
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Fax: 850-916-7449
nguntner@awkolaw.com

*Counsel for Plaintiff, Steven Nelson Eller*